# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA RODRIGUEZ,<br><br>   Plaintiff,<br><br> v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. EDCV 19-00711-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 18, 2019, Ofelia Rodriguez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on August 5, 2019. (Dkt. 14.) On November 25, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 18.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 59 year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on June 10, 2015, alleging disability beginning August 30, 2011. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 1, 2014, the amended alleged onset date. (AR 18.)

Plaintiff's claims were denied initially on October 9, 2015, and on reconsideration on February 11, 2016. (AR 15.) Plaintiff filed a timely request for hearing on March 15, 2016. (AR 15.) On January 23, 2018, the Administrative Law Judge ("ALJ") John W. Rolph held a video hearing from Albuquerque, New Mexico. (AR 15.) Plaintiff appeared and testified in Moreno Valley, California, and was represented by counsel. (AR 15.) Vocational expert ("VE") Bonnie Sinclair also appeared and testified at the hearing along with Patricia Torres, a Spanish language interpreter. (AR 15.)

The ALJ issued an unfavorable decision on April 19, 2018. (AR 15-27.) The Appeals Council denied review on February 20, 2019. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ's determination at Step 4 is supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 1, 2014, the amended alleged onset date. (AR 18.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: history of rheumatoid arthritis; history of generalized osteoarthritis; history of lumbar spine strain/pain; obesity. (AR 18-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19-22.)

The ALJ then found that Plaintiff has the RFC to lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently in light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can stand and/or walk 6 hours in an 8-hour day. She can sit 6 hours in an 8-hour day. She requires a sit/stand option at 45 to 60 minute intervals for 3 to 5 minutes at a time, during which period she may remain on task. She may occasionally climb ramps and stairs, stoop, kneel. crouch and crawl. She may never climb ladders, ropes and scaffolds. She may frequently engage in fine manipulation with the upper extremities. She may frequently push, pull and engage in foot pedal operations with the lower extremities. She must avoid more than occasional exposure to extreme cold and vibration. She should avoid all exposure to hazards such as dangerous moving machinery and unsecured heights.

(AR 22-26.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 25.) Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as an Assembler, Small Products. (AR 26-27.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 27.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's step four determination that Plaintiff can perform her past relevant work as an Assembler, Small Products is supported by substantial evidence.

Plaintiff alleges she has been unable to work since August 30, 2011, due to asthma, arthritis, and high blood pressure. (AR 23.) The ALJ did find that Plaintiff has the medically determinable severe impairments of history of rheumatoid arthritis, history of generalized osteoarthritis, history of lumbar spine strain/pain, and obesity. (AR 18.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC (AR 22) and thus determined that Plaintiff was not disabled from the alleged onset date of August 30, 2011, through the date of decision on April 19, 2018. (AR 16, 27.)

Plaintiff does not challenge the ALJ's RFC assessment. Plaintiff, however, does challenge the ALJ's determination at step four of the sequential process that Plaintiff can perform her past relevant work as an Assembler, Small Products. (DOT 706.684-022.) The facts are these. Ms. Rodriguez performed the assembler job for her first 10 years at Hunter Industries from 1983 to 1993. (AR 43-44, 214.) During this period, she assembled sprinklers, not lifting anything heavy. (AR 43-44.) Her work report indicated the heaviest weight lifted was 20 pounds and she frequently lifted 25 pounds. (AR 221.) From 1993 to 2008, Plaintiff would lift sprinkler parts and put them into a machine that would assemble the sprinkler parts. (AR 27, 43-44.) She lifted up to 50 pounds. (AR 43.) The VE testified that the DOT listing for Assembler, Small Products was applicable to Plaintiff's work up until 2008. (AR 48.) This DOT listing, 706.684-022, is a light work occupation consistent with Plaintiff's light work RFC.

Plaintiff contends that the work performed from 1983 to 1993 was more than 15 years ago. Plaintiff also contends that her work from 1993 to 2008 is better described as a Machine Packager, DOT 920.685-078, which is a medium work occupation. Plaintiff in fact lifted and carried 25 to 50 pounds in her job, i.e., the job she did was medium work, which would be inconsistent with her light work RFC. (AR 43.) The State agency identified the job as Machine Packager. (AR 64.)

The VE, however, never adopted the Machine Packager listing. She plainly included both types of jobs in the Assembler, Small Products occupation. (AR 48.) The Commissioner contends that the DOT listing includes both types of jobs. It indicates that someone in this job may "fasten parts together by hand or using hand tools or portable powered tools" or work as a

6

member of assembly groups assembling one or two specific parts." It also includes someone who "[l]oads and unloads previously set up machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, or broaches, to perform fastening." The Commissioner contends that these activities are similar to how Plaintiff performed her job. (AR 43-44.)

The VE testified that a hypothetical individual with Plaintiff's limitations could perform past relevant work. (AR 48-50.) The VE also testified that her opinion was consistent with the DOT. (AR 50-51.) An ALJ may rely on a VE's response to a hypothetical question containing all of a claimant's limitations found credible by the ALJ and supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The VE's testimony is substantial evidence. A VE's recognized expertise provides the necessary foundation for his or her testimony. Id. at 1218. No additional foundation is required.

The Commissioner observes there is no evidence that the person at the State agency was a vocational expert. Nor does there appear to be any reason why the State agency should override the VE. The Commissioner also challenges the applicability of the Machine Packager listing. The DOT 920.685-078 listing describes someone who uses a machine to load premade products into packages. It describes the job as "tend[ing a] machine that performs one or more packaging functions, such as filling, marking, labeling, banding, tying, packing or wrapping containers." The Commissioner argues that this job description does not fit the job Plaintiff described. (AR 43-44.) The VE did not get the Machine Packager from the work report. (AR 51.) Plaintiff's counsel conceded that "if it's a packaging job, I guess it would be different, so I apologize." (AR 51-52.)

Plaintiff's job from 1993 to 2008 as actually performed was medium work inconsistent with her currently assessed light work RFC. The ALJ, however, found that Plaintiff was able to perform the generally light work Assembler, Small Products job "as generally performed in the national economy." (AR 27.) The fact that Plaintiff no longer can perform her past relevant work as she actually performed it does not mean that she is unable to perform jobs in that

occupation as generally performed consistent with her light work RFC.  The generally medium work Machine Packager occupation listing simply does not apply.

Plaintiff disagrees with the ALJ's past relevant work determination, but it is the the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ's step four determination regarding Plaintiff's past relevant work is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: March 23, 2020              */s/ John E. McDermott*
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE